**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS** 2:09CR157-P-S

**MARSHUN D. STEWART**

**ORDER**

This cause is before the Court on the defendant's Amended Motion for Judgment of Acquittal Notwithstanding the Verdict, Or In the Alternative, For a New Trial [33]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion for judgment of acquittal is not well-taken and should be denied. Defendant premises his motion on a purported error as to the admission of rules violation reports and because the verdict was contrary to the overwhelming weight of the evidence. The Court has considered the grounds raised by defendant and is of the firm opinion that the Court's decision to admit evidence of defendant's rule violation reports was amply supported under F.R.E. 404(a) and that the evidence was sufficient to support the jury's verdict.

Defendant's alternative motion for a new trial is likewise without merit. In order to warrant a new trial, a defendant must

> ordinarily show (1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial; (2) that the evidence was material, not merely cumulative or impeaching; (3) that it would probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of defendants.

United States v. Antone, 603 F.2d 566, 569 (5th Cir. 1979). A defendant's inability to establish any

one of the foregoing factors requires that the motion be denied.

Stewart's motion is premised on cell phone records received on March 24, 2010 in response to a subpoena issued well before the March 1-3, 2010 trial. Defendant contends that the records belie the testimony of government witness Betty Hale to the effect that Stewart never contacted her after becoming noncompliant. Stewart further contends that the evidence meets the criteria set forth above. The Court cannot agree; defendant's evidence fails to meet the threshold as to factors one, two and three: The evidence was not newly discovered or unknown to defendant–Stewart maintained its existence during the prior trial. Moreover, the evidence does not appear to be material; instead, its primary use would appear to be impeachment of Hale's testimony. Moreover, based on the trial record, the Court simply cannot conclude that the evidence would be likely to produce an acquittal at a second trial. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Amended Motion for Judgment of Acquittal Notwithstanding the Verdict, Or In the Alternative, For a New Trial [33] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 25th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE