IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARSHUN D. STEWART                                                          PETITIONER

vs.                                                          NO.: 2:09CR157-MPM-DAS-1

UNITED STATES OF AMERICA                                                    RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner is a federal prisoner who is proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response to the motion, and the Petitioner has responded thereto. This matter is ripe for review. Having considered the motion and the record, including the relevant parts of Petitioner's underlying criminal case, the Court finds that the motion should be denied, for the reasons that follow.

**Background Facts and Procedural History**

Prior to the conviction giving rise to the instant § 2255 motion, Petitioner was convicted of armed robbery in 1982, rape in 1983, burglary of an inhabited dwelling at nighttime while armed with a deadly weapon with intent to commit rape in 1983, and rape in 1985. He was released from prison on August 23, 2008, and was required to register as a sex offender in accordance with the federal Sex Offender Registration and Notification Act (SORNA). 18 U.S.C. § 2250. Prior to his release, he was instructed by corrections officer, Timothy Browning, of the specific steps he would need to take to comply with the registration requirements. Petitioner signed a form stating that he understood the requirements. Petitioner registered as a

sex offender on September 9, 2008.[1]

Petitioner first registered as a sex offender in Coahoma County, but officials sent him to the Tunica County Sheriff's Department to register, as he listed his mother's residence in Tunica County as his residence. He registered with administrative assistant Betty Hale and was required to update his registration ninety days later. Petitioner was issued an identification card which expired on December 8, 2008. Hale testified that she met with Petitioner on one more occasion, and Petitioner mentioned to her that he might move out of state. Shortly thereafter, Petitioner moved to Washington State. Hale testified that Petitioner did not notify Tunica County officials of his departure, and that he failed to register in Washington upon his arrival. On March 26, 2009, Petitioner was arrested by Washington State authorities for driving without a valid driver's license, and Hale was notified. Petitioner was subsequently indicted for failing to register as a sex offender as required by federal law.

At trial, Petitioner testified in his own defense that Hale told him that he simply had to maintain contact with her to be compliant, and that he did not know that he was supposed to register upon his move to Washington State. He maintained that he called Hale prior to leaving the state, and he testified that he and Hale spoke by telephone several times while he was in Washington. He maintained that his T-Mobile cellular telephone records, which were subpoenaed prior to trial but not delivered until after the trial, would verify his claims.

Following a jury trial, Petitioner was found guilty of failing to register as a sex offender as required by 18 U.S.C. § 2250(a) and was subsequently sentenced on August 26, 2010, to sixty months imprisonment for the crime. Prior to his sentencing, Petitioner's trial counsel filed a

---

[1] The Court notes that Petitioner was required to register within seventy-two hours of his release on August 23, 2008, but failed to comply.

motion for judgment of acquittal notwithstanding the verdict, or, alternatively, for a new trial. In the motion, counsel argued, among other things, that Petitioner's T-mobile phone records, which were not received until March 24, 2010, showed that Petitioner had placed a call to the Tunica County Sheriff's Department on December 9, 2008, and again on April 8, 2009. These records, he argued, showed that Hale committed perjury. Before the Court ruled on the motion, Petitioner filed a pro se motion to have new counsel appointed, alleging that trial counsel was ineffective. His attorney filed a motion to withdraw as counsel, and the Court granted Petitioner's motion and his attorney's motion to withdraw. A new attorney was substituted as Petitioner's counsel.

The T-Mobile records submitted by Petitioner revealed two calls relevant to his claims. The first was a call originating at December 9, 2008, at 12:17 p.m. from (206) 407-5408 to (662) 363-1411 for a duration of four minutes, and the second call, placed to and from the same numbers, occurred on April 8, 2008 at 8:07 a.m. for a duration of two minutes. The Court denied Petitioner's motion for a new trial, finding that the evidence was not newly discovered, as it was referenced at trial. It also determined that the evidence was not material, as its primary use would be only to impeach Hale's testimony.

On appeal, Petitioner's counsel argued that the Court should have granted his motion for judgment of acquittal or new trial, arguing: 1) Petitioner notified law enforcement as directed; 2) Hale gave false testimony; 3) the phone records support Petitioner's claim that he maintained contact with the Tunica County Sheriff's Office, and 4) Petitioner satisfied all of the factors required to obtain a new trial. Petitioner appealed the denial of his motion for a new trial to the Fifth Circuit Court of Appeals, which found that Petitioner had abandoned his claim by failing to provide record support for his claims. *See United States of America v. Stewart*, 466 Fed.Appx. 340 (5th Cir. 2012). The court otherwise found "no abuse of discretion" and affirmed the Court's

judgment. *See id.*

On or about April 17, 2013, Petitioner filed the instant motion to vacate, set aside, or correct sentence under § 2255, asserting the following four claims: 1) denial of the effective assistance of trial and appellate counsel; 2) "prosecutor remarks"; 3) false testimony by prosecution witness, Betty Hale; and 4) his mobile phone records demonstrate that his guilt of the offense cannot be proved beyond a reasonable doubt.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 111, 1113 (5th Cir. 1990) (citation omitted). Relief under § 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

Although Petitioner lists four separate grounds for relief in the instant motion, all of his claims center around his cellular telephone records and the effect they would have had on his trial. Therefore, the Court collapses all of his claims into one discussion. The crux of Petitioner's augment at trial, on appeal, and in the instant motion is whether he "knowingly fail[ed] to register or update" his registration as required by SORNA. *See* 18 U.S.C. § 2250(a). Petitioner was required to, within three business days of changing his residence, keep his registration current by appearing in person in at least one jurisdiction where he is required to

register and inform that jurisdiction of all changes. He was also required to appear in person and update his registry, even if the information had not changed, every 90 days. Petitioner claims that trial counsel was ineffective for failing to make a motion for continuance of trial to allow his subpoenaed telephone records to be delivered, as the records would have proved that he contacted Betty Hale days prior to moving to Washington State. This proof, he maintains, would have supported his claim that he believed that contact with Hale was all that was needed to remain complaint with the law, which would have defeated the charge that he knowingly failed to register. He also maintains that appellate counsel rendered ineffective assistance in failing to provide proper records and evidence in presenting his claims to the Fifth Circuit on appeal.

At Petitioner's trial, the jury heard testimony from both the prosecution and the defense regarding conversations between Petitioner and the Tunica County Sheriff's Office. The jury was presented with Petitioner's testimony that he did call Hale prior to his move and was informed that he did not need to take further action, and it heard Hale's testimony that Petitioner never contacted her and told her that he was leaving Mississippi. The T-mobile account for (206) 407-5408 is in Petitioner's name. (*See, e.g.*, doc. no. 33). Google search results indicate that (662) 363-1411 the telephone number for the Tunica County Sheriff's Office. The Court finds that the T-Mobile records, if they had of been obtained prior to trial, would have shown that the Tunica County Sheriff's Office was called from a mobile telephone registered to Petitioner some eight days prior to his re-registration date. (*See* doc. entry no. 33). Although the records do not demonstrate that Petitioner initiated the call and actually spoke to Hale, who then allegedly told him that he did not need to appear in person and change his registry, the records would have supported Petitioner's testimony and possibly impeached Hale's testimony. The Court finds, however, that such proof would not have altered the outcome of Petitioner's trial. There is ample

5

testimony in the record that Petitioner was informed of the things he needed to do to remain compliant with the law.

Petitioner was initially registered as a sex offender in prison, and he registered again with Coahoma County when he was released from prison. (T. 27). Officer Timothy Browning testified that he read the registration form to Petitioner, and that Petitioner was informed of all of the requirements of registration. (T. 158). This form notified Petitioner that he had to: 1) personally appear at the Department of Public Safety driver's license station at least ten days before changing addresses; 2) report a change of address to another state by personally appearing at a driver's license station at least ten days before changing addresses and comply with any registration requirements of the new state; 3) "[r]egister in any state where [he] is employed, carries on a vacation, is stationed in the military, is a student or temporary resident;" 4) notify of any change of status; 5) report any changes of name or employment by personally appearing at a driver's license station within three business days of the change; 6) register by personally appearing at a driver's license station every ninety days. (T. 160-62). Browning testified that Petitioner had no questions about the form, and Petitioner signed the form in Browning's presence. (T. 165). The form bearing Petitioner's signature and informing him of his registration requirements was admitted into evidence at trial. (T. 166). Additionally, Petitioner testified that Browning went through the form with him, and Petitioner admitted that signed the form and was given a copy. (T. 292, 300).

In light of all of the testimony given at trial, even if the jury believed Petitioner's testimony that he called and spoke with Hale prior to moving, it would not be sufficient to show that Petitioner did not knowingly fail to register. There is evidence to demonstrate that Petitioner failed to notify anyone that he was leaving the State, and there was testimony given at trial that

Petitioner failed to register when he got to Washington. (T. 127). Petitioner's telephone records would show only one call to the Tunica County Sheriff's Department prior to his March 2009 arrest, and those records would not establish that Petitioner notified anyone of his desire to comply with registration requirements. Therefore, the records do not create the probability of a different outcome, and they do not establish that Petitioner's trial was somehow unfair or unreliable. Even if the Court were to find Petitioner's counsel deficient for not failing to secure these records sooner, Petitioner can establish no prejudice as a result of trial counsel's failure to do so or appellate counsel's failure to make record citation to support his argument. *See Strickland v. Washington*, 466 U.S. 668 (1994) (showing of prejudice demands Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 688, 694. Accordingly, the instant motion will be denied.

## Conclusion

Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his pending motion (doc. entry no. 70) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 8th day of July, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**